**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-50839

_____

TOWNER LEEPER; LA FONNE LEEPER,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(No. EP-98-CV-229-H)

_____

October 9, 2002

Before GARWOOD and CLEMENT, Circuit Judges, and RESTANI, Judge.[*]

PER CURIAM:[**]

The district court's findings of fact were not clearly erroneous and it correctly granted

summary judgment. We therefore AFFIRM.

The I.R.S. must give a representative, such as Mr. Leeper's attorney-in-fact, notice of seizures

---

[*] Judge of the United States Court of International Trade, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and sales. 26 U.S.C. § 6335; 26 CFR § 601.506(a). Nevertheless, "[f]ailure to give notice or other written communication to the recognized representative of a taxpayer will not affect the validity of any notice or the written communication delivered to the taxpayer. 26 CFR § 601.506(a)(3). The district court found Mr. Leeper received the notice required by § 6335. Mr. Leeper points to no other statutory or regulatory violation to serve as a basis for his § 7433 claim; he has no valid claim for damages, heart attack or otherwise.

The I.R.S. admitted violating § 6335 with regards to Ms. Leeper. Nevertheless, the district court held Ms. Leeper was not damaged as a "proximate result" of the lack of notice of sale for the Brown judgment, as she deferred decisions regarding the Brown judgment to her husband, Mr. Leeper. The Leepers attempt to bolster the importance of § 6335 notice, and somehow avoid the language of § 7433, by pointing to a pre-§ 7433 case, Reece v. Scoggins, 506 F.2d 967 (5th Cir. 1975). This argument is unpersuasive. The dangers and policy articulated in Reece may well have been the motivating factor for the initial enactment of § 7433 by Congress in 1988. In any event, the district court's finding on the "proximate results" issue is not clearly erroneous.

The Leepers seek administrative and litigation costs under § 7430, which awards these costs to the prevailing party. § 7430(a). The Leepers concede they are not a prevailing party under the district court's final judgment, and § 7430 does not afford them recovery.[1]

Ms. Leeper complains the district court erroneously determined her 1995 tax liability. Ms. Leeper failed to produce any evidence why she was entitled to a tax credit for the taxes withheld by Towner Leeper Attorney P.C.

---

[1] The Leepers waived their entitlement to the costs of the action under § 7433(b)(2) by failing to appeal it. Green v. State Bar of Texas, 27 F.3d 1083, 1089 (5th Cir. 1994) .

AFFIRMED.